UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LORRAINE CONCEPCION,
    Plaintiff,

v.

MICHAEL J. ASTRUE,
    Commissioner of the
    Social Security Administration.

No. 3:09-cv-1376 (SRU)

**RULING AND ORDER**

On July 1, 2010, Magistrate Judge William I. Garfinkel issued a recommended ruling that would grant in part and deny in part plaintiff Lorraine Concepcion's motion to reverse and remand the decision of the Commissioner of the Social Security (doc. #18). In that ruling, Judge Garfinkel recommended that I deny the defendant's motion to affirm (doc. #25). I now review Judge Garfinkel's recommended ruling *de novo*.

For the reasons that follow, the recommended ruling (doc. #26) is APPROVED and ADOPTED.

**I. Background**

On February 27, 2007, Concepcion applied to the Social Security Administration for disability insurance benefits and supplemental security. Pl.'s Mem. in Supp. of Pl.'s Mot. for Order Reversing the Decision of the Commissioner or in the Alternative Mot. for Remand for a Hr'g ("Pl.'s Mem.") at 4. The Administrative Law Judge ("ALJ") denied her application on March 31, 2009. *Id.* The ALJ determined that, although the plaintiff was impaired, her substance abuse materially contributed to that impairment. R. 10. He also determined that, if the claimant stopped her substance abuse, she would be able to perform her past relevant work, and thus was not disabled within the meaning of the Social Security Act. R. 18. Concepcion moved

to reverse that decision or, in the alternative, to remand the decision, on March 18, 2010 (doc. # 18).

Judge Garfinkel recommended that the case be remanded, and that on remand the ALJ should be instructed (1) to confirm he did not have an opinion from a medical expert and explain the reasons he was in agreement with the Federal Reviewing Official ("FRO"). If the ALJ did refer to an opinion from a medical expert, that opinion was to be provided to plaintiff's counsel and plaintiff's counsel must be given an opportunity to respond with additional evidence, if necessary; (2) to make specific findings and to document those findings with respect to the degree of limitation caused by plaintiff's mental impairment in each of the four functional areas set forth in 20 C.F.R. §§ 404.1520a(c)(3) and 416.920a(c)(3); and (3) to make findings and document those findings with respect to plaintiff's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, describing the amount of each work-related activity plaintiff could perform, and, if necessary, to obtain a residual functional capacity (RFC) assessment from a medical source.[1] Recommended Ruling at 28.

**II. Standard of Review**

The District Court makes a *de novo* determination of the portions of a recommended ruling to which an objection is made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Resolution Trust Corp. v. Carnhi*, 861 F. Supp. 1121, 1124 (D. Conn. 1994) ("[T]he Court reviews the defendants' motions *de novo*."). The court may adopt, reject, or modify, in whole or in part, the Magistrate Judge's recommended ruling. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

---

[1] Readers' familiarity with the Recommended Ruling is assumed.

72(b). A court will set aside the ALJ's decision if it was based on legal error or is not supported by substantial evidence. *See Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998).

**III. Discussion**

A. Specific Findings for Plaintiff's Mental Impairments[2]

In determining whether an applicant is entitled to social security benefits, an ALJ must perform a multistep analysis. The early steps involve determining whether the claimant has a relevant disability. If the claimant does have a disability, the ALJ must next determine whether, despite that disability, the claimant possesses the RFC to perform relevant work. If she can perform her relevant work, then she is not entitled to benefits. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Under the Social Security Administration's regulations, in order to make a determination about an applicant's mental impairment, an ALJ shall rate the applicant's degree of functional limitation in the following categories: 1) activities of daily living; 2) social functioning; 3) concentration, persistence, or pace; and 4) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3); 404.1520a(e)(2). ALJs are to rate those functions as one of the following degrees: none, mild, moderate, marked, and extreme (for activities of daily living; social functioning; and concentration, persistence, or pace) and none, one or two, three, four, or more (for episodes of decompensation). § 404.1520a(c)(4). This practice is called the "special technique."

In determining whether the plaintiff had a mental impairment, the ALJ determined that "the medical evidence suggests that the claimant's impairment causes a marked restriction of

---

[2] This discussion also applies to Judge Garfinkel's determination that the ALJ failed to make specific findings for the "B" criteria of Listing 12.04, since those criteria are the same as those set forth in 20 C.F.R. § 404.1520a. *See* Recommended Ruling at 21.

3

activities of daily living and marked difficulties in maintaining social functioning to satisfy the B criteria of this listing *when she is abusing substances*." R. 15 (emphasis added). The ALJ noted that if the plaintiff were *not* using substances, "[t]he claimant's depression, hearing loss and back pain would impact the claimant's ability to concentrate." R. 15. Judge Garfinkel determined that the case should be remanded to the ALJ because he had not made specific findings in the manner prescribed by the regulations. Recommended Ruling at 22.

The cardinal "special technique" case in the Second Circuit, and the case on which Judge Garfinkel and the defendant both rely heavily, is *Kohler v. Astrue*, 546 F.3d 260 (2d Cir. 2008). In *Kohler*, then-Judge Sotomayor remanded a case for failure to follow the special technique. *Id*. at 269. She left open the possibility that failure to apply the special technique might not require remand if it constituted harmless error. *Id*.

The Commissioner argues that the ALJ in this case did not need to make the specific findings, since "the [ALJ's] decision clearly reflects that the ALJ concluded Plaintiff's impairments were severe, i.e. that she was moderately limited in her concentration." Def.'s Objections to the Report and Recommendation of the Magistrate Judge ("Def.'s Objections") at 4. Essentially, the defendant argues that the ALJ's failure to follow the special technique was harmless error.

The defendant slightly misconstrues the ALJ's decision. While the ALJ does note that even without any substance abuse, the plaintiff has a severe impairment in her ability to concentrate, the ALJ then goes on to conclude that "[i]f the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1." R. 15. The other functions of the special technique are crucial to this determination, since, in order

4

to be impaired under Listing 12.04, the claimant must be restricted in at least two of the listed areas. Thus, a claimant who would not have a 12.04 Listing if she only had marked difficulties in concentration might have a 12.04 Listing if she also had marked restrictions in the activities of daily living or social functioning, or repeated episodes of decompensation. 20 C.F.R. Part 404, Subpart P, Appendix 1.

The defendant does not believe the ALJ could have found Concepcion had another restriction, because "[t]here is no record evidence that she was markedly limited in any [other] areas of functioning." Def.'s Objections at 4. Defendant is incorrect. For instance, several places in the record note the plaintiff's social isolation, social withdrawal, or inability to leave home, which are all directly relevant to social functioning. *See* R. 170, 171, 231, 237.[3]

Finally, the Commissioner argues that "[a]lthough he did not repeat, verbatim, her findings, a reviewing court could reasonably deduce that the ALJ's conclusion was based on Lindsay Harvey's conclusions that Plaintiff was mildly limited in her activities of daily living and maintaining social functioning, moderately limited in maintaining concentration, persistence, or pace, and experienced no episodes of decompensation." Def.'s Objections at 5. That argument is unconvincing, particularly because the court in *Kohler* remanded even though there, as here, a psychiatric review technique had been conducted and concluded, as here, that two of the functional limitations were mild, one was moderate, and there were no episodes of decompensation. Brief for the Defendant *Kohler v. Astrue*, No. 06-5332 (2d Cir. May 2, 2007), 2007 WL 6449657.

---

[3] The ALJ does, at one point, note that claimant suffers from "symptoms of self isolation." R. 17. The ALJ did not dispute that claim specifically, but only notes generally that he does not find the plaintiff to be credible. R. 16. Furthermore, even his very brief consideration of the plaintiff's isolation relates only to her ability to work, not to whether she has a disability.

5

Given the foregoing, the ALJ's failure to adhere to the special technique was not harmless error, and Judge Garfinkel's recommended ruling of remand was correct.

B. <u>Specific Findings for Plaintiff's Residual Functional Capacity</u>

Ordinarily, "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The RFC reviews a claimant's exertional and nonexertional capacities. *Id*. at *5. The exertional assessment looks at the claimant's ability to sit, stand, walk, lift, carry, push, and pull. *Id*.

Judge Garfinkel states that the ALJ's ruling was defective because in his RFC assessment of the plaintiff's exertional capabilities, the ALJ failed to include findings concerning her ability to sit, stand, walk, lift, carry, push, and pull as needed for light work.[4] Recommended Ruling at 28. Judge Garfinkel correctly notes that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must . . . describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." *Id*. at *7.

The Commissioner argues that the ALJ was not obligated to make an assessment of the above limitations, because they were not alleged or supported. Def.'s Objections at 8. He cites to SSR 96-8p, which states that "when there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is

---

[4] Work at the light level requires the ability to lift up to twenty pounds occasionally, ten pounds frequently, stand and walk for up to six hours a day, and sit for up to two hours in an eight-hour workday. SSR 83-10, 1983 WL 31251, at *5-6 (1983).

6

such a limitation or restriction, the [ALJ] must consider the individual to have no limitation or restriction with respect to that functional capacity." SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996).

There is evidence in the record that Concepcion had a back condition, and that as a result she may have had an impaired ability to sit, stand, walk, and lift. R. 250, 252. Although the ALJ may not have found that evidence to be credible, or may have found it to be outweighed by other evidence, he should have at least addressed the plaintiff's ability to do the activities specified in SSR 96-8p.[5] *See id*. at *7 ("The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."). Without the ALJ's analysis of the relevant evidence, the court cannot determine whether his conclusion would have been different if he had considered all factors. Thus, the error here was not clearly harmless, and Judge Garfinkel was correct to remand the case to the ALJ.

C. Materiality of Drug and Alcohol Abuse

Concepcion maintains that the ALJ improperly found that drug and alcohol abuse are material to the determination of her disability. Pl.'s Mem at 21. According to the plaintiff, she would still be disabled even without any drug and alcohol abuse, and thus is entitled to Social Security benefits. *Id*.

The ALJ and Judge Garfinkel both note that the plaintiff's testimony on her own drug use is not credible, because she falsely told a consulting physician that she had no history of drug

---

[5] The Commissioner's concern that "it would be unnecessary to create a decision reviewable to a district court for the ALJ to list every conceivable limitation a claimant did *not* have," Def.'s Objections at 8, is unfounded. An ALJ need not consider every conceivable limitation when inquiring into the claimant's exertional capacity, but only the ability to sit, stand, walk, lift, carry, push, and pull. SSR 96-8p, 1996 WL 374184, at *5.

use. Recommended Ruling at 24, R. 17. That determination is not totally accurate. The record reflects that the plaintiff told Dr. Lago there was no history of substance abuse *in her family*. The portion referring to her own history of substance abuse has been cut off, and thus we do not know what she told the doctor. R. 170-71.

As noted in Sections A and B, this case is already being remanded for the ALJ to revisit the plaintiff's mental impairments and her residual functional capacity when she is not using drugs or alcohol. Thus, the ALJ will necessarily revisit whether the claimant's drug and alcohol use is a contributing factor to the determination of disability.

**IV. Conclusion**

I conclude that the ALJ erred in failing to make specific findings about the plaintiff's mental impairment and her residual functional capacity. For the foregoing reasons, the recommended ruling (doc. #26) is APPROVED and ADOPTED. Accordingly, plaintiff's motion (doc. #18) is GRANTED in part and DENIED in part; defendant's motion (doc. #25) is DENIED. This case is remanded for further proceedings consistent with this Ruling. The clerk shall enter judgment and close this file.

It is so ordered.

Dated at Bridgeport, Connecticut this 30th day of September 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge